WASHINGTON NATIONAL INSURANCE COMPANY, PROSE-
CUTOR, v. BOARD OF REVIEW OF NEW JERSEY UN-
EMPLOYMENT COMPENSATION COMMISSION ET AL.,
DEFENDANTS.

Submitted March 1, 1948—Decided September 14, 1948.

Before Justices Donges, Colie and Eastwood.

For the prosecutor, *Frank S. Farley* and *Murray Fredericks.*

For the defendants, *Clarence F. McGovern* and *Charles A. Malloy.*

The opinion of the court was delivered by

Donges, J.   This writ of *certiorari* was allowed to review five decisions of the Board of Review of the New Jersey Unemployment Compensation Commission.   The five cases are identical in their essential facts and have been consolidated.   The prosecutor, Washington National Insurance Company, is engaged in the insurance business in this and most of the states of the country handling various forms of insurance, including ordinary life insurance, monthly and commercial health and accident insurance, industrial accident and health insurance and industrial life insurance.   The individual defendants, who have been determined by the Board of Review to be entitled to the benefits of the Unemployment Compensation Act, are former agents of the prosecutor.

The controversy concerns the validity of and construction of *R. S.* 43:21–19, as amended by chapter 385 of the laws

of 1941. The portion of the statute in question reads as follows:

"(i) (7) The term 'employment' shall not include: * * *

"(J) Service performed by agents of insurance companies, exclusive of industrial life insurance agents, or by agents of investment companies who are compensated wholly on a commission basis."

The Board of Review held that the individual defendants were "industrial life insurance agents" and therefore are within the exception of the exclusion from the statute.

The prosecutor contends (1) that chapter 385 of the laws of 1941 is violative of both the federal and state constitutions; (2) that it has no application to the present case because its classification relates to the general character of the business of the employer rather than to the particular work done by the employee; (3) that the individual defendants herein were not in fact "industrial life insurance agents" because they also wrote other types of insurance.

The prosecutor contends that the statutory classification which distinguishes between industrial life insurance agents and other agents of insurance companies and investment companies is unwarranted and in violation of the constitutional provisions. It was said in *Wiley Motors, Inc.*, v. *U. C. C. of New Jersey*, 130 *N. J. L.* 30, "The power of the legislature to act in this field is unlimited, except in so far as it may trench upon the Fifth Amendment or the Fourteenth Amendment of the federal constitution, and the guaranty of due process demands only that the law shall not be unreasonable, arbitrary or capricious, and that the means selected shall have a real and substantial relation to the object sought to be obtained."

Industrial life insurance agents are assigned a "debit." They work in a prescribed and limited territory. They make collections by calling at the homes of the insured persons at regular intervals, weekly or monthly, industrial insurance policies generally being taken by persons who find it more convenient to pay in small sums. They are paid commissions on all their collections, not merely upon new business as is the case with agents writing ordinary and other types of

insurance. Clearly their work and the contractual relationship existing between industrial agents and their employers is different from that in the case of other insurance agents working upon a commission basis. We think there is nothing capricious, unreasonable or arbitrary in the action of the legislature in classifying this group so as to bring it within the scope of the unemployment compensation statute and excluding agents of the other class. The fact that other states and the federal social security statute do not make this distinction has no bearing upon the power of our legislature to do so.

We think there is no merit in the contention that the statute intends the classification to be made upon the type of business of the employer rather than the work of the particular employee. The prosecutor is a multiple line insurance company writing many types of insurance other than industrial. However, the plain words of the statute refer to the work performed by the individual and cannot be construed to mean "Exclusive of agents of industrial life insurance companies." In fact, there is no evidence that there are companies that write only industrial insurance and the probability is that there are none such.

Finally it is urged that the individual defendants do not come within the exception of the statute because they were not "industrial life insurance agents." This argument is based upon the fact that the agents were also empowered to accept applications for ordinary insurance and also wrote industrial health and accident insurance. However, the writing of health and accident insurance was incident to and a part of their work as industrial life agents because they were not permitted to write a policy of health and accident insurance for a customer unless they also wrote an industrial life policy. It is the character of their work as a whole that must be considered and we conclude from the evidence that the defendants were industrial life insurance agents within the general understanding of that term and within the meaning of the statute.

The writ is dismissed, with costs.